IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| GLIVER ORDOSGOITTI, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>WERNER ENTERPRISES, INC., and WERNER LEASING, LLC,<br><br>Defendants. | 8:20CV421<br><br>ORDER ON SUPPLEMENTAL COMPLAINT SEEKING TO BE ADDED AS A PARTY IN CLASS ACTION LAWSUIT |

This case is before the Court on the *pro se* "Supplemental Complaint" filed by non-party Carlton Xavier Mathews. Filing 98. Mr. Mathews states in his "Supplemental Complaint" that he "move[s] this Honorable Court and hereby file[s] [a] supplemental complaint requesting to be added as a party in class action lawsuit." Filing 98 at 1. He asserts,

> Plaintiff allege[s] that Defendants violated Nebraska Seller-Assisted Marketing Plan Act. Plaintiff was also a victim in this cause as well as other Plaintiffs. Plaintiff['s] claim is the same as member that's involved in this case. Plaintiff seek[s] to be compensated as well as other class members in this class action lawsuit.

Filing 98 at 1.

"A document filed pro se is to be liberally construed." *Olsen as Trustee for Xurex, Inc. v. Di Mase*, 24 F.4th 1197, 1202 (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Here, giving liberal construction to Mr. Mathews's *pro se* "Supplemental Complaint," the Court construes it to be a motion for permissive intervention pursuant to Federal Rule of Civil Procedure 24(b)(1)(B). As relevant here, Rule 24(b)(1)(B) provides, "On timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Mr. Mathews meets the substantive requirements of the Rule because he alleges that

1

he suffered the same violation of the law as the other plaintiffs in this action; that he is a "victim" like the other plaintiffs; and that his claim is the same as and seeks the same compensation as the other plaintiffs. Filing 98 at 1.

However, he does not meet the procedural requirement of a "timely motion" to intervene. Fed. R. Civ. P. 24(b)(1)(B). *See NAACP v. New York*, 413 U.S. 345, 365 (1973) ("Whether intervention be claimed of right or as permissive, it is at once apparent, from the initial words of both Rule 24(a) and Rule 24(b), that the application must be 'timely.'"). On March 24, 2022, the Court entered a Memorandum and Order granting partial summary judgment in favor of Defendants Werner Enterprises and Werner leasing on named plaintiff Ordosgoitti's putative-class-action claims. Filing 76 at 21. Subsequently, on November 29, 2022, the Court entered an Order for Dismissal on Stipulation of the named parties dismissing this action with prejudice. Filing 97 at 1. Thus, at this time, there is no action in which Mr. Mathews could intervene, and his request to do so is untimely.

Accordingly,

IT IS ORDERED that the *pro se* "Supplemental Complaint" filed by non-party Carlton Xavier Mathews, Filing 98, construed as a motion for permissive intervention pursuant to Federal Rule of Civil Procedure 24(b)(1)(B), is denied as untimely.

Dated this 1st day of July, 2024.

BY THE COURT:

Brian C. Buescher
United States District Judge

2